EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Consolidated Waste Services, Corp.<br><br>Apelado<br><br>v.<br><br>Gobierno Municipal de Las Piedras, su Alcalde el Hon. Miguel A. López Rivera y/o el Director(a) de Finanzas del Municipio de Las Piedras<br><br>Apelante | 2019 TSPR 222<br><br>203 DPR ____ |

Número del Caso: AC-2018-61
                 AC-2018-90


Fecha: 20 noviembre de 2019


Tribunal de Apelaciones:

    Región Judicial de Guayama, Fajardo y Humacao


Abogado de la parte apelante:

    Lcdo. Roberto Bonano Rodríguez


Abogados de la parte apelada:

    Lcdo. Luis Sánchez Betances
    Lcda. Rosa L. Irizarry Millán


Materia: Ley de Municipios Autónomos: Los contratos otorgados para el manejo de desperdicios, previo a la enmienda que la Ley Núm. 14-2016 hiciera a la Ley de Municipios Autónomos, no requieren la aprobación de la Legislatura Municipal


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Consolidated Waste Services, Corp.<br><br>Apelado<br><br>v.<br><br>Gobierno Municipal de Las Piedras, su Alcalde el Hon. Miguel A. López Rivera y/o el Director(a) de Finanzas del Municipio de Las Piedras<br><br>Apelante<br>_____<br>Consolidated Waste Services, Corp.<br><br>Apelado<br><br>v.<br><br>Gobierno Municipal de Gurabo, su Alcalde el Hon. Víctor M. Ortiz Díaz o el Director de Finanzas del Municipio de Gurabo<br><br>Apelante | AC-2018-0061<br>AC-2018-0090 | |

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 20 de noviembre de 2019.

Nos corresponde determinar si, previo a la enmienda que la Ley Núm. 14, infra, hiciera a la Ley de Municipios Autónomos, los contratos de disposición de desperdicios sólidos podían ser otorgados por el alcalde sin la

aprobación de la Legislatura Municipal. Contestamos en la afirmativa.

I.

Procedemos a discutir de forma individual los hechos de los casos consolidados, con el fin de facilitar su lectura.

**<u>AC-2018-0061</u>**

El 1 de marzo de 2002, Consolidated Waste Services, Corp. (ConWaste) y el Municipio de Las Piedras suscribieron un contrato para la disposición de desperdicios sólidos. Posteriormente, el 1 de octubre de 2007, otorgaron otro contrato para la prestación de los mismos servicios, el cual se enmendó en el 2011 para ajustar el costo de los servicios y para extender su vigencia.

Consecuentemente, ConWaste presentó una demanda de cobro de dinero e incumplimiento de contrato en contra del Municipio de Las Piedras para exigir el pago de $6,893,484.58, por los servicios prestados mediante los contratos en controversia.

Tras varias incidencias procesales, ambas partes presentaron solicitudes de sentencia sumaria. El Municipio de Las Piedras, por primera vez, argumentó en su escrito que los contratos en este caso eran nulos debido a que no fueron aprobados por la Legislatura Municipal. En respuesta, ConWaste alegó que la Ley de Municipios Autónomos no requería expresamente que los contratos de

disposición de desperdicios sólidos fueran aprobados por el aludido cuerpo legislativo.

Así las cosas, el Tribunal de Primera Instancia dictó una sentencia sumaria. En síntesis, concluyó que los contratos de manejo de desperdicios sólidos no requerían la autorización previa de la Legislatura Municipal, por lo que declaró con lugar la demanda y ordenó al Municipio de Las Piedras a pagar la suma adeudada más el interés legal.

En desacuerdo, el Municipio de Las Piedras presentó una reconsideración. Arguyó que este caso no trataba de contratos en sí, sino de "convenios" que, conforme al Art. 5.005(i) de la Ley de Municipios Autónomos, infra, requerían la intervención de la Legislatura Municipal. Esta se declaró sin lugar por el Tribunal de Primera Instancia.

Inconforme con esa determinación, el Municipio de Las Piedras acudió ante el Tribunal de Apelaciones. El foro apelativo intermedio dictó una sentencia en la que confirmó al Tribunal de Primera Instancia. Concluyó que, luego de la aprobación de la Ley Núm. 14, infra, no debía existir duda de que la intención legislativa siempre había sido que los contratos de disposición de desperdicios sólidos, como los de autos, fueran otorgados por el alcalde sin la aprobación de la Legislatura Municipal.

Por no estar conforme, el Municipio de Las Piedras acudió ante este Tribunal mediante una apelación, mientras que ConWaste presentó su respectivo alegato.

**AC-2018-0090**

En el 2003, ConWaste otorgó con el Municipio de Gurabo un contrato para proveerle servicios de recogido y manejo de desperdicios sólidos. Las partes enmendaron el contrato en tres ocasiones para, entre otras cosas, extender su vigencia.

En el 2015, ConWaste interpuso una causa de acción sobre cobro de dinero e incumplimiento de contrato en contra del Municipio de Gurabo con el fin de reclamar $3,678,200, por servicios brindados y no pagados bajo los contratos de autos.

En su defensa, el Municipio de Gurabo planteó que los contratos eran nulos, por no haber sido aprobados por la Legislatura Municipal. Además, presentó una reconvención mediante la cual reclamó la devolución de todo desembolso realizado a favor de ConWaste.

Concluido el descubrimiento de prueba, ConWaste presentó una moción de sentencia sumaria. En síntesis, alegó que la existencia de los contratos y la cantidad adeudada por los servicios prestados en virtud de estos eran hechos incontrovertidos. Además de lo anterior, argumentó que procedía declarar con lugar la demanda, ya que no existía obligación en ley de presentar los contratos ante la consideración de la Legislatura Municipal. No obstante, el Municipio de Gurabo se opuso a la moción y solicitó que se dictara sentencia sumaria a su favor, porque presuntamente los contratos eran nulos. Por ello,

arguyó que procedía la devolución de todo desembolso realizado a favor de ConWaste.

Eventualmente, el Tribunal de Primera Instancia dictó una sentencia que declaró con lugar la solicitud de sentencia sumaria de ConWaste y condenó al Municipio de Gurabo a pagar $3,678,200 más intereses. Además, el foro primario denegó la reconvención instada por el Municipio de Gurabo.

Inconforme, el Municipio de Gurabo radicó una apelación ante el Tribunal de Apelaciones. En ella, alegó que los contratos eran "convenios" que debían ser aprobados por la Legislatura Municipal conforme a las disposiciones del Art. 5.005 de la Ley de Municipios Autónomos, infra. El foro apelativo intermedio dictó una sentencia en la que resolvió que al Municipio de Gurabo no le asistía la razón en cuanto a la interpretación que formuló del término "convenio", pues este, según utilizado en el Art. 5.005(i), infra, se refería únicamente a los acuerdos que un ayuntamiento conviniera con otros municipios, el gobierno estatal o el gobierno federal, para la prestación de servicios. En consecuencia, razonó que la aprobación de la Legislatura Municipal no era requerida para los contratos de servicios otorgados con una empresa privada. Por ello, concluyó que la Ley de Municipios Autónomos permitía que un alcalde otorgara un contrato de servicios para el recogido y manejo de desperdicios sólidos, con una empresa privada,

sin tener que someterlo a la aprobación de la Legislatura Municipal.

Insatisfecho, el Municipio de Gurabo acudió ante este Foro mediante una apelación, mientras que ConWaste presentó su respectivo alegato.

## II

El Art. 1.004 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 LPRA sec. 4002, dispone que los poderes y facultades conferidos a los municipios por esta ley o cualquier otra ley se interpretarán liberalmente, de forma tal que siempre se propicie el desarrollo e implantación de la política pública enunciada en la misma. Esta ley declara como política pública del Gobierno de Puerto Rico "otorgar a los municipios el máximo posible de autonomía y proveerles las herramientas financieras, así como los poderes y facultades necesarias para asumir una función central y fundamental en su desarrollo urbano, social y económico". Art. 1.002, 21 LPRA sec. 4001 n.

Los municipios están regidos por un gobierno local compuesto de un Poder Legislativo y un Poder Ejecutivo. Art. 1.003(u), 21 LPRA sec. 4001(u). El alcalde, ejerce el poder ejecutivo y es quien ostenta la máxima autoridad, mientras que la Legislatura Municipal desempeña el poder legislativo, es decir, ejerce las funciones legislativas sobre asuntos municipales. Arts. 1.005, 3.009, 4.001, 5.005, 21 LPRA secs. 4003, 4109, 4151, 4205.

Ahora bien, la Ley de Municipios Autónomos enumera las facultades y deberes generales de la Legislatura Municipal. Entre ellos: (1) disponer mediante ordenanza o resolución lo necesario para implantar las facultades conferidas al municipio en lo relativo a la creación de organismos intermunicipales y a la otorgación de convenios, en tanto y en cuanto comprometan económica y legalmente al municipio, Art. 5.005(i), 21 LPRA sec. 4205(i); (2) aprobar la permuta, gravamen, arrendamiento o venta de bienes inmuebles municipales, Art. 5.005(d), 21 LPRA sec. 4205(d), y (3) autorizar la imposición de contribuciones sobre la propiedad, tasas especiales, arbitrios, tarifas, derechos o impuestos. Art. 5.005(e), 21 LPRA sec. 4205(e).

Por otra parte, en el Capítulo 3 sobre el Poder del Ejecutivo, la ley especifica que el alcalde tendrá entre sus facultades: (1) el poder de coordinar los servicios municipales entre sí para asegurar su prestación integral y adecuada en la totalidad de los límites territoriales del municipio y velar por que la población tenga acceso, en igualdad de condiciones, Art. 3.009(b), 21 LPRA sec. 4109(b); (2) la autoridad para realizar todas las gestiones necesarias, útiles o convenientes para ejecutar las funciones y facultades municipales con relación a obras públicas y servicios de todos los tipos y de cualquier naturaleza, Art. 3.009(h), 21 LPRA sec. 4109(h), y (3) la potestad de contratar los servicios profesionales, técnicos y consultivos necesarios, convenientes o útiles para la

ejecución de sus funciones, deberes y facultades, y para la gestión de los asuntos y actividades de competencia o jurisdicción municipal. Art. 3.009(r), 21 LPRA sec. 4109(r).

Este capítulo también enumera taxativamente las instancias en las que las facultades del alcalde estarán sujetas a la aprobación de la Legislatura Municipal. A modo de ejemplo, el Art. 3.009 (e)(i), 21 LPRA secs. 4109(e)(i) dispone que el alcalde no podrá tramitar sin el consentimiento de la Legislatura Municipal, todo lo relacionado con la contratación de empréstitos municipales, mientras que, en el contexto judicial, no podrá allanarse a una demanda o dejar de contestarla ni podrá someter una oferta de transacción que conlleve algún tipo de desembolso económico mayor de veinticinco mil dólares sin el consentimiento previo de los miembros del mencionado organismo municipal.

De igual modo, en el Capítulo 2 sobre los poderes y facultades del Gobierno Municipal, se establecen facultades del municipio que requieren la anuencia de la Legislatura Municipal para tener vigencia. Entre ellas: (1) la imposición de contribuciones especiales y contribuciones especiales adicionales para facilidades de desperdicios sólidos, Art. 2.006(d), 21 LPRA sec. 4056(d); (2) la autorización de arrendamientos de propiedad mueble o inmueble municipal incidentales al establecimiento de instalaciones de manejo de desperdicios sólidos y a la prestación de servicios, relativos a los mismos, Art.

2.006(l), 21 LPRA sec. 4056(l); (3) la creación de organismos intermunicipales mediante "convenios", Art. 2.001(p), 21 LPRA sec. 4051(p); véase, también, Art. 5.005(i), 21 LPRA sec. 4205(i), y (4) los "convenios" que envuelvan a otros municipios, al gobierno federal, las agencias, departamentos, corporaciones públicas e instrumentalidades del Gobierno de Puerto Rico. Arts. 2.001(q), 21 LPRA sec. 4051(q); véase, también, Art. 14.002, 21 LPRA sec. 4652.

Por otro lado, esta legislación establece que un municipio podrá reglamentar la disposición de desperdicios sólidos en armonía con la política pública ambiental de Puerto Rico. Art. 2.005, 21 LPRA sec. 4055. Además, tendrá potestad para disponer por ordenanza la forma en que se llevará a cabo el manejo de desperdicios sólidos e imponer penalidades por violaciones de las normas que se adopten. Íd. En otras palabras, el Municipio podrá "[e]stablecer servicios y programas de recogido o recolección de desperdicios y saneamiento público en general y adoptar las normas y medidas necesarias para el ornato, la higiene, el control y la disposición adecuada de los desperdicios". Art. 2.004(a), 21 LPRA sec. 4054(a). En este contexto, hemos expresado que las prerrogativas sobre la reglamentación de este y otros particulares recaen sobre la Legislatura Municipal. Mun. de Peñuelas v. Ecosystems, Inc., 197 DPR 5, 23 (2016).

En cuanto a la contratación de estos servicios, la Ley de Municipios Autónomos establece que "[e]l municipio podrá contratar o en cualquier forma entrar en convenios con agencias públicas y personas privadas, para el establecimiento de instalaciones de manejo de desperdicios sólidos y para la prestación de servicios relativos a los mismos". Art. 2.006(k), 21 LPRA sec. 4056(k). Estos acuerdos se tratan de manera excepcional dentro de la Ley de Municipios Autónomos, pues envuelven "un servicio esencial para la comunidad que amerita cierta flexibilidad en aras de procurar su continuidad" y cuya interrupción podría perjudicar la salud pública. Landfill Technologies v. Mun. de Lares, 187 DPR 794, 807 (2013). Es por ello, que, a modo de excepción, un Municipio podrá comprometerse en estos contratos, al pago futuro de cantidades que excedan las asignaciones y los fondos en un año fiscal. Art. 8.004(b), 21 LPRA sec. 4354(b).

Ahora bien, con la aprobación de la Ley Núm. 14-2016, se enmendó el Art. 8.016 de la Ley de Municipios Autónomos, 21 LPRA sec. 4366, para añadir al final de este el siguiente párrafo:

> **La facultad** para otorgar contratos en virtud de los poderes y facultades provistos a los municipios en [el Artículo 2.001 y 2.004 de esta Ley] y **para la otorgación de <u>contratos de servicios</u>**, servicios profesionales, técnicos y consultivos, **excepto cuando en la [L]ey exista disposición expresa en contrario, es exclusiva del alcalde. No será requerido, excepto cuando la [L]ey expresamente disponga lo contrario o expresamente requiera la intervención de la Legislatura Municipal, que el alcalde remita** los

contratos para ejecutar los poderes y facultades provistos a los municipios en [el Artículo 2.001 y 2.004 de esta Ley] y **los contratos de servicios**, servicios profesionales, técnicos y consultivos **a la Legislatura Municipal.**" (Énfasis y subrayado nuestro).

Vemos que, después de la enmienda a la Ley de Municipios Autónomos, el alcalde es quien mantiene expresamente la facultad de otorgar los contratos de servicios, como los de disposición de desperdicios sólidos, excepto cuando en la ley exista una disposición expresa en contrario. En cuanto a la intención legislativa, tras la enmienda que introdujo la Ley Núm. 14, supra, surge de la Exposición de Motivos de esta que

> [a] pesar de existir jurisprudencia que avala el poder amplio y en beneficio del interés público que le otorga la "Ley de Municipios" a la figura del [a]lcalde, algunos foros han interpretado que además de los requisitos de forma, entiéndase que se reduzca a contrato escrito; que se mantenga un registro fiel con miras a establecer prima facie su existencia, que se remita copia a la Oficina del Contralor como medio de una doble constancia de su otorgamiento, términos y existencia y que se acredite certeza de tiempo, esto es, haber sido realizado y otorgado quince (15) días antes, Ocasio v. Alcalde Municipio Maunabo, 121 DPR 37 (1988)[,] para la validez de los **contratos de servicio**, técnicos y consultivos **se requiere además la aprobación de la Legislatura Municipal.**

> **Esta interpretación es contraria e incompatible con la intención legislativa y la política pública establecida en la "Ley de Municipios"**, pues establece requisitos burocráticos que obstaculizan la función del Ejecutivo Municipal y afecta de forma adversa los **contratos de servicios**, técnicos y consultivos, poniendo en riesgo la salud, estabilidad y el bienestar público en general. Por todo lo anterior, esta Asamblea Legislativa entiende que resulta apremiante aclarar el lenguaje sobre contratos establecido en la "Ley de Municipios". (Énfasis nuestro).

Aunque la enmienda de este artículo no es de aplicación a los hechos de los casos de referencia, su Exposición de Motivos aporta a la discusión de la controversia ante nuestra consideración. Ya hemos expresado que "[n]ada impide que tomemos en consideración, para efectos interpretativos, la exposición de motivos de una ley enmendadora", pues "[c]on ello no desvirtuamos su contenido, sino que interpretamos la ley como un todo y le damos sentido lógico a las palabras del legislador". S.L.G. Rodríguez-Rivera v. Bahía Park, 180 DPR 340, 365 (2010).

Claro está, debemos resolver según el derecho vigente antes de la enmienda. Con ello en mente, procedemos a resolver la controversia ante nuestra consideración sin ulterior trámite.

### III

Tanto el Municipio de Las Piedras como el Municipio de Gurabo, plantearon que no procedía la aplicación retroactiva de la Ley Núm. 14, supra, toda vez que los hechos pertinentes ocurrieron previo a la enmienda a la Ley de Municipios Autónomos. Además, apuntaron que el proceder del foro apelativo intermedio omitió el mandato legislativo esbozado en el Art. 5.005(i), supra. Es decir, obvió el requerimiento de la aprobación de la Legislatura Municipal para todo acto que comprometiera económica y legalmente a un municipio, lo que presuntamente incluía los contratos de manejo de desperdicios sólidos. Así, afirmaron que el

dictamen del foro apelativo intermedio tuvo el efecto de suprimir las facultades otorgadas a la Legislatura Municipal mediante el Art. 5.005(i), _supra_, en contravención a la Ley Núm. 14, _supra_.

Específicamente, el Municipio de Las Piedras indicó que la aprobación por la Legislatura Municipal del acto de otorgar un "convenio", no constituía un obstáculo para el ejecutivo municipal poder ejercer sus funciones. Además, sostuvo que declinar la participación del cuerpo legislativo municipal en la aprobación de estos "convenios" afectaría la sana administración del erario y le concedería al alcalde el poder de gravar presupuestos futuros.

En lo que respecta al Municipio de Gurabo, arguyó que el término "convenio" no es de aplicación tan solo a las instancias que el foro apelativo intermedio indicó en su dictamen. Sobre el particular, adujo que el Art. 5.005(i), _supra_, regula dos asuntos distintos, es decir, la creación de organismos intermunicipales y la otorgación de convenios, en tanto y en cuanto comprometan económica y legalmente al municipio. Entendió que no era razonable suponer que el legislador pretendiera ser más estricto con los acuerdos que un municipio suscribiera con organismos estatales y federales que con aquellos estipulados con entes privados. En consecuencia, para promover una sana administración de los fondos públicos dedujo que la Asamblea Legislativa de Puerto Rico antepuso la exigencia del Art. 5.005(i), _supra_, con el fin de prever los gastos

extravagantes, excesivos o innecesarios en la contratación municipal.

Por otro lado, ConWaste planteó que el servicio de manejo de desperdicios sólidos es esencial para la salud y bienestar de los ciudadanos, que el legislador liberó del proceso burocrático y político de la Legislatura. De este modo, sostuvo que exigir la aprobación de la Legislatura Municipal para otorgar los contratos de manejo de desperdicios sólidos atenta contra el principio de flexibilidad y liberalidad que cobijan a este tipo de contratos. Apuntó que, conforme a la Ley de Municipios Autónomos, la facultad de contratación de los servicios en controversia era exclusiva del alcalde, excepto en las instancias en las que el legislador expresamente supeditó esta a la Legislatura Municipal. De igual modo, indicó que la facultad de la Legislatura Municipal se limitaba a legislar y reglamentar el proceso de disposición y recogido de los desperdicios sólidos. En cuanto al término "convenio", esbozado en el Art. 5.005(i), supra, aludió que este no era de aplicación a los contratos como los de autos, pues este regía a todo lo relacionado a la delegación de competencias de un municipio y a la otorgación de contratos que este suscribiera con las agencias estatales y federales. Por último, arguyó que en el presente caso, la Ley Núm. 14, supra, no fue aplicada retroactivamente por los foros inferiores, sino que se utilizó para auscultar la intención legislativa.

Ahora bien, nos corresponde determinar sobre quién recaía la facultad de otorgar los contratos para el manejo de desperdicios sólidos, previo a la enmienda que la Ley Núm. 14, supra, hizo a la Ley de Municipios Autónomos. Al respecto, y además de lo ya mencionado en torno a la referida ley, a modo persuasivo, conviene repasar la discusión que sobre el particular se suscitó en la extinta Oficina del Comisionado de Asuntos Municipales (OCAM), agencia encargada de servir como enlace entre el gobierno central y los gobiernos municipales que, a su vez, actuaba como asesor y defensor de los intereses municipales.[1] Véase, Arts. 19.001-19.014 (derogados), 21 LPRA ant. secs. 4901-4914. Mediante el Memorando Circular Núm. 98-13 de 29 de mayo de 1998, la OCAM determinó que la facultad de contratar los servicios y programas de recogido y recolección de desperdicios sólidos y saneamiento en general es exclusiva del poder ejecutivo municipal. Allí, la OCAM indicó que la Ley de Municipios Autónomos dispuso cuándo, en los casos de establecimiento de programas de control y recolección de desperdicios sólidos, se requería la aprobación de la Legislatura Municipal, mediante ordenanzas. Según la OCAM, si en la ley **"no se mencionan facultades adicionales de la [Legislatura Municipal] en estos casos, constituye un fuerte indicio de que la intención legislativa fue no incluir más poderes de los**

---

[1] Mediante la Ley Núm. 81-2017 se eliminó la Oficina del Comisionado de Asuntos Municipales (OCAM) y sus funciones fueron transferidas a la

**expresados**". Íd. (Énfasis nuestro). Así, sostuvo que "[n]o es deber del [a]lcalde con respecto a la Asamblea Municipal el enviarle para su aprobación contratos de establecimiento de los programas de recogido y distribución de desperdicios sólidos", pues la contratación es una "función indelegable del [a]lcalde". Íd.

Por consiguiente, tanto la Ley Núm. 14, supra, como el Memorando Circular aclaran y reiteran lo que se podía colegir de una lectura integral y armoniosa de la Ley de Municipios Autónomos. Recuérdese que en la contratación de la disposición de los desperdicios sólidos la Ley de Municipios Autónomos solo ha exigido el aval de la Legislatura Municipal en dos instancias, a saber: (1) para emitir ordenanzas relacionadas a obligaciones que contengan o estén garantizadas por un pacto para imponer contribuciones adicionales especiales y (2) en el arrendamiento de propiedad municipal. Art. 2.006(d)(l), 21 LPRA secs. 4056(d)(l).

Por otro lado, la Ley Núm. 14, supra, también reafirmó que el Art. 8.006, supra, es la disposición que regula los contratos de servicios para disponer de los desperdicios sólidos, y no el Art. 5.005, supra. Como indicamos, entre los poderes y facultades de un municipio se encuentran: (1) la capacidad para imponer contribuciones especiales para facilidades de desperdicios sólidos; (2) la potestad

_____

nueva Oficina de Gerencia Municipal, adscrita a la Oficina de Gerencia y Presupuesto.

para autorizar el arrendamiento de propiedad mueble o inmueble municipal incidentales al establecimiento de instalaciones de manejo de desperdicios sólidos y a la prestación de servicios, relativos a los mismos; (3) la creación de organismos intermunicipales mediante "convenios", y (4) la otorgación de "convenios" con el gobierno estatal y federal. De acuerdo con la Ley de Municipios Autónomos, solo en lo relacionado con los aspectos antes reseñados es que se exige la anuencia de la Legislatura Municipal. Por tanto, el "convenio" para el cual la ley requiere la aprobación de la Legislatura Municipal es todo acuerdo relacionado con la creación de organismos intermunicipales, según regulados en los Arts. 2.001 y 5.005 de la Ley de Municipios Autónomos, supra, o ciertos acuerdos que pudieran establecerse con el gobierno estatal o el gobierno federal para la prestación de obras y servicios. Arts. 2.001(p)(q), 5.005(i), 14.002, 21 LPRA secs. 4051(p)(q); 4205(i); 4652.

De este modo, resolvemos que incluso antes de la aprobación de la Ley Núm. 14, supra, la Ley de Municipios Autónomos autorizaba al alcalde a otorgar contratos de servicios para la disposición de desperdicios sólidos sin la aprobación de la Legislatura Municipal. La enmienda a la ley meramente aclaró lo anterior.

IV.

Por los fundamentos antes expuestos, y por no existir hechos materiales en controversia, se dictará Sentencia en

la que se confirman las emitidas por el Tribunal de Apelaciones.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Consolidated Waste Services, Corp.<br>        Apelado<br><br>                v.<br><br>Gobierno Municipal de Las Piedras, su Alcalde el Hon. Miguel A. López Rivera y/o el Director(a) de Finanzas del Municipio de Las Piedras<br><br>        Apelante<br>_____<br>Consolidated Waste Services, Corp.<br>        Apelado<br><br>                v.<br><br>Gobierno Municipal de Gurabo, su Alcalde el Hon. Víctor M. Ortiz Díaz o el Director de Finanzas del Municipio de Gurabo<br>        Apelante | AC-2018-0061<br>AC-2018-0090 |

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

SENTENCIA

En San Juan, Puerto Rico, a 20 de noviembre de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, y por no existir hechos materiales en controversia, se confirman las Sentencias del Tribunal de Apelaciones en estos casos consolidados.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal. La Juez Asociada señora Rodríguez Rodríguez no intervino. La Jueza Presidenta Oronoz Rodríguez no interviene.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo